**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **DEALVA GRAVES,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: PWG-14-1995 |
| **ONEWEST BANK, FSB,** | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

DeAlva Graves and her son, Rodney Graves, who are proceeding *pro se*, claim that Defendant OneWest Bank, FSB ("OneWest") is liable for defamation, constructive fraud, fraud, and unjust enrichment because it sought payments on a mortgage loan on Plaintiffs' real property and initiated foreclosure proceedings on Plaintiffs' property based on Plaintiffs' alleged default on the Loan when, in their view, OneWest has no rights or interest in the loan or in the note that memorializes it. Edited First Am. Compl., ECF No. 25. Defendant moves to dismiss,[1] arguing that Rodney Graves lacks standing to bring this suit and that the state court decided the issue of Defendant's standing to enforce the loan documents already. Because Mr. Graves lacks standing, I will dismiss his claims with prejudice. Further, given that the state court resolved the issue of whether Defendant had standing to initiate foreclosure proceedings and concluded that it did, collateral estoppel precludes the relitigation of the issue, and I will dismiss Ms. Graves's claims with prejudice.

---

[1] The parties fully briefed the motion. ECF Nos. 28, 28-1, 30, 30-1, 33. A hearing is not necessary. *See* Loc. R. 105.6.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**[2]

At the time they filed their Edited First Amended Complaint, Plaintiffs resided at 1005 Heather Avenue, Takoma Park, Maryland 20912 ("the Property"), real property that DeAlva Graves purchased using down payment money that Rodney Graves provided. Edited First Am. Compl. ¶¶ 10–11; *see* Pls.' Opp'n 13. In conjunction with a "Construction to Permanent Loan" (the "Loan") that DeAlva Graves obtained from IndyMac Bank, FSB ("IndyMac"), memorialized by a promissory note that Ms. Graves executed in favor of IndyMac (the "Note"), Ms. Graves granted IndyMac a Deed of Trust to the Property in 2006. Edited First Am. Compl. ¶¶ 30–31. According to the Graveses, IndyMac sold the Loan later that year, along with "all its rights and interest held in Plaintiff['s] Note," such that "IndyMac no longer had any legal right to collect payments, enforce the Deed of Trust, resell or to modify Plaintiff['s] note as the 'holder' and 'owner' of Plaintiff['s] loan." *Id.* ¶¶ 33–34, 37.

OneWest acquired IndyMac in 2009. *Id.* ¶ 28. Plaintiffs claim that the acquisition included residential loans but not construction loans, and specifically not Ms. Graves's Loan or the Note memorializing it. *Id.* ¶¶ 38–39. Plaintiffs allege that, notwithstanding Defendant's asserted failure to acquire Ms. Graves's Loan,

> Plaintiffs have been hounded by OneWest as an alleged creditor against Plaintiffs for some time. OneWest is alleging it is the proper holder of Plaintiffs[']  mortgage note pursuant to an FDIC takeover of Indy Mac Bank and subsequent endorsement of the note to OneWest. The Plaintiffs ha[ve] objected to OneWest's claim as the creditor and holder of the mortgage note, based on the endorsement

---

[2] For the purposes of resolving Defendant's Motion to Dismiss, I accept the facts alleged in Plaintiffs' Edited First Amended Complaint, ECF No. 25, as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011). Yet, I need not "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). And, I may take judicial notice of the existence of court records. Fed. R. Evid. 201(b); *see also WW, LLC v. Coffee Beanery, Ltd.*, No. WMN–05–3360, 2012 WL 3728184, at *6 (D. Md. Aug. 27, 2012).

2

and transfer of the note containing a material defect. As a result of the material defect in the transfer and endorsement of the note, the OneWest had no standing or authority to initiate foreclosure and pursue Plaintiffs on any claim arising from the note.

*Id.* ¶ 5. On that basis, Plaintiffs filed suit against Defendant in the Circuit Court for Montgomery County on April 17, 2014, ECF No. 2, and Defendant removed to this Court, ECF No. 1. In their four-count Edited First Amended Complaint, Plaintiffs lodge claims of defamation, constructive fraud, fraud, and unjust enrichment, as well as including a "DeAlva Discrimination Claim" before Count I, in which Ms. Graves alleges that "if she was not up in age OneWest would not have misled her to believe that OneWest was a real party of interest" and "perpetuate[d] a scheme to steal Plaintiff['s] real property." Edited First Am. Compl. ¶¶ 204–05.

This is not the parties' first time facing each other in court. Initially, Ms. Graves filed a quiet title action in in the Circuit Court for Montgomery County in 2011, which the court dismissed, with prejudice, Case No. 348123V (Cir. Ct. Montgomery Cnty. 2011); and Defendant initiated foreclosure proceedings in the Circuit Court for Montgomery County in 2013 (the "Foreclosure Action"), in which the court ultimately entered an order of final ratification of sale on April 10, 2015, Case No. 376661V (Cir. Ct. Montgomery Cnty. 2013). Meanwhile, the Graveses filed suit in this Court in 2013, seeking injunctive relief from the state foreclosure proceeding, and this Court dismissed their claim, *sua sponte*. No. DKC-13-3343 (D. Md. Nov. 15, 2013). They filed an adversary proceeding in the United States Bankruptcy Court for the District of Maryland in 2013, which the bankruptcy court dismissed, No. 13-779 (Bankr. D. Md. 2013). There, Plaintiffs alleged fraud, defamation and unjust enrichment, based on OneWest's attempts to enforce the Note, which Plaintiffs argued, as they do here, that OneWest was not entitled to enforce. Also, Ms. Graves has appealed bankruptcy court orders to this Court twice,

No. PWG-14-3475 (D. Md. 2014), which still is pending, and RWT-14-935 (D. Md. 2014), which Ms. Graves withdrew.

The Graveses raised the issue of OneWest's standing, not only in the adversary proceeding, but in the Foreclosure Action as well.  Relevantly, in the Foreclosure Action, the Graveses challenged Defendant's standing to bring the action.  They moved to dismiss, arguing that OneWest "failed to establish ultimate facts to prove that [it was] entitled to bring forth an in rem foreclosure proceedings regarding the case at bar," because "[t]here is no evidence that OneWest Bank FSB is the holder in due course of Defendant's note." Graves Mot. to Stay & Dismiss ¶¶ 16, 45, Def.'s Mem. Ex. L, ECF No. 28-16.  The state court held a hearing on the motion and then entered an order denying the motion.  *See* Foreclosure Action Docket Entries 27, 29, Def.'s Mem. Ex. B, ECF No. 28-3.  The Graveses asked the court to reconsider its ruling, and the court denied that motion, *id.* Entries 37, 39, and they appealed the order and then dismissed their appeal, *id.* Entries 40, 45.

## II.   DISCUSSION

Plaintiffs are proceeding *pro se* and their complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, liberal construction does not absolve Plaintiffs from pleading a plausible claim.  *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)).  As stated by the Fourth Circuit,

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir.), *cert. denied*, 382 U.S. 966 (1965); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam).

### A. Rodney Graves's Standing

This Court may "adjudicate only actual cases and controversies." *Zaycer v. Sturm Foods, Inc.*, 896 F. Supp. 2d 399, 407 (D. Md. 2012) (citing U.S. Const. art. III, § 2; *O'Shea v. Littleton*, 414 U.S. 488, 493 (1974); *Bishop v. Bartlett,* 575 F.3d 419, 423 (4th Cir. 2009)). Thus, a party only is entitled to a judicial adjudication if

> (1) [the party] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 408 (quoting *Bishop,* 575 F.3d at 423). In other words, the party must have standing. *See id.*

Standing is a jurisdictional requirement. *See id.* Therefore, a motion to dismiss for lack of standing is analyzed as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Sherill v. Mayor of Balt.*, 31 F. Supp. 3d 750, 762–63 (D. Md. 2014). The motion "may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'" *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). The burden is on the plaintiff to establish jurisdiction. *Id.* at 763 (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).

Plaintiffs claim that Rodney Graves "is a party to this action, because DeAlva has given Rodney Power of Attorney" and because Mr. Graves "has equitable interest [in the] real property as being the financial facilitator [who provided] substantially all [the] financial consideration [for the] real property." Edited First Am. Compl. ¶ 11. They attach the Power of Attorney and an

5

Affidavit of Ms. Graves regarding Mr. Graves's financial contributions.  First Am. Compl. Exs. 3 & 4, ECF Nos. 21-3, 21-4.  Additionally, they attach to their original complaint a Deed of Conveyance, dated September 26, 2012, in which Ms. Graves conveyed a 1% interest in the Property to Mr. Graves.  Compl. Ex. 1A, ECF No. 2-2.

Defendant argues that Rodney Graves lacks standing because a Power of Attorney does not convey interest in real property, and Mr. Graves "is not a record owner of the Property." Def.'s Mem. 12.  This is a facial challenge, as Defendant does not dispute Mr. Graves's Power of Attorney, his financial contributions to the purchase of the Property, or the validity of the Deed of Conveyance.  Rather, Defendant asserts that these facts are not sufficient to give Mr. Graves standing.  *See Sherill*, 31 F. Supp. 3d at 762–63.

> With respect to a facial challenge, a court will grant a motion to dismiss for lack of subject matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. When addressing such a facial challenge, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir.2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir.1982)).

*Id.* at 763.

Without ownership, Mr. Graves would not suffer any injury from Defendant's actions with regard to the Property.  Therefore, Plaintiffs must show Mr. Graves's ownership interest in the Property to establish his standing.  *See Bishop*, 575 F.3d at 423; *Zaycer v*, 896 F. Supp. 2d at 408.  In their Opposition, Plaintiffs do not argue that the Power of Attorney gives Mr. Graves standing, or that Mr. Graves's alleged interest in the Property has been recorded.  *See* Pls.' Opp'n 13–14.  Rather, they insist that "DeAlva and Rodney have a binding contract for granting Rodney[] legal title to the property," and that Mr. Graves has "a legal title in" the Property and "an equitable interest in the property, because Rodney paid all the money to purchase the

6

property, paid all payments made against the note, provided additional money for major upgrades to the property and the present upkeep and maintenance of the property." *Id.* at 13.

Fatally to Plaintiffs' position, however, title to real property is conveyed by deed, *see Wildwood Med. Ctr., L.L.C. v. Montgomery Cnty.*, 954 A.2d 457, 465 (Md. 2008), and in Maryland, "no . . . freehold . . . or deed may pass or take effect unless the deed granting it is executed *and recorded*." Md. Code Ann., Real Prop. § 3-101(a) (emphasis added). Mr. Graves's financial contributions do not give rise to an ownership interest, and Plaintiffs have not shown that the Deed of Conveyance was recorded. Further, the Maryland Land Records show that the Deed of Conveyance was not recorded. Def.'s Mem. Exs. H–I, ECF Nos. 28-12, 28-13. Therefore, Mr. Graves has no title or ownership interest in the Property and, consequently, no standing in this case. *See Bishop*, 575 F.3d at 423; *Zaycer*, 896 F. Supp. 2d at 408. Accordingly, his claims are dismissed with prejudice.

### B. Collateral Estoppel

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). However, if an affirmative defense "'clearly appears on the face of the complaint,'" the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (citation and quotation marks omitted)).

One such affirmative defense is collateral estoppel, and here, Defendant argues that "[t]he collateral estoppel, or issue preclusion, branch of the *res judicata* doctrine bars the claims asserted in this lawsuit because the same arguments were made in the Foreclosure Action, rejected by the [Maryland] Circuit Court, and unsuccessfully appealed to the Court of Special Appeals [of Maryland]." Def.'s Mem. 16. "*Res judicata* and collateral estoppel 'are based upon the judicial policy that the losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on issues raised, or that should have been raised.'" *Grady Mgmt., Inc. v. Epps*, 98 A.3d 457, 472 (Md. Ct. Spec. App. 2014) (citation omitted). While "[c]ollateral estoppel has often been described as a doctrine absorbed within *res judicata*," it is a separate doctrine that "operates collaterally to preclude relitigation of *issues* that the same parties already had litigated*.*" *GAB Enters., Inc. v. Rocky Gorge Devel., LLC*, 108 A.3d 521, 530 (Md. Ct. Spec. App. 2015) (emphasis in *GAB*). *Cf. id.* ("*Res judicata* holds parties to a *claim* that they have previously litigated . . . ." (emphasis added)). When considering this defense, "'a court may judicially notice facts from a prior judicial proceeding.'" *Brooks v. Arthur*, 626 F.3d 194, 199 n.6 (4th Cir. 2010) (quoting *Brooks v. Arthur*, 611 F. Supp. 2d 592, 597 (W.D. Va. 2009)). Additionally, when a federal court litigant asserts collateral estoppel based on a state court judgment, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).

Here, the relevant prior proceeding was in a Maryland state court, and therefore, this Court will apply Maryland law regarding collateral estoppel. *See id.* Collateral estoppel provides grounds for dismissal if a defendant demonstrates that (1) there was "a final judgment on the merits in the prior litigation"; (2) "the party against whom the plea is asserted" was "a

party or in privity with the party in the prior adjudication"; (3) "the issue decided in the prior litigation [is] identical with the issue presented in the subsequent litigation"; and (4) "the issue actually litigated [was] essential to the judgment in the prior action." *GAB*, 108 A.3d at 530. The second element is undisputed. *See* Def.'s Mem. 16; *see also* Foreclosure Action Docket 7; *GAB*, 108 A.3d at 530.

With regard to the first element, "a Circuit Court's denial on a motion to dismiss an order to docket a foreclosure is a final determination on the merits sufficient to invoke issue preclusion," and the "failure to file [an] exception to [a] foreclosure sale or take an appeal from [a] Circuit Court's judgment ratifying [a] foreclosure sale render[s] [a] ratification of sale a final judgment on the merits." *Jones v. HSBC Bank USA, N.A.*, No. RWT-09-2404, 2011 WL 382371, at *4 (D. Md. Feb. 3, 2011) (citing *DeCosta v. U.S. Bancorp*, 2010 WL 3824224, at *7 (D. Md. Sept. 27, 2010); *Coleman v. Countrywide Home Loan, Inc.*, 2010 WL 5055788, at *3 (D. Md. Dec. 3, 2010)). Moreover, for collateral estoppel purposes, "'"final judgment" includes any prior adjudication of an issue in another action *that is determined to be sufficiently firm to be accorded conclusive effect*,'" based on factors such as whether the parties were heard in the issue and whether the decision was appealable. *Morgan v. Morgan*, 510 A.2d 264, 268 (Md. Ct. Spec. App. 1986) (quoting Rest. 2d (Judgments) § 13 (emphasis in *Morgan*)). Notably, "in a foreclosure proceeding, . . . if the defendant indeed does challenge the right to sell prior to the sale and the court actually determines that right after a proper hearing, that issue cannot be relitigated in a subsequent phase of the action." *Id.* at 270.

As noted, in the Circuit Court for Montgomery County, the Graveses moved to dismiss on the basis that OneWest allegedly "failed to establish ultimate facts to prove that [it was] entitled to bring forth an in rem foreclosure proceedings regarding the case at bar," because

"[t]here is no evidence that OneWest Bank FSB is the holder in due course of Defendant's note." Graves Mot. to Stay & Dismiss ¶¶ 16, 45, Def.'s Mem. Ex. L, ECF No. 28-16. Put another way, the Graveses "challenge the right to sell prior to the sale." *See Morgan*, 510 A.2d at 270. The state court held a hearing on the motion and then entered an order denying the motion. *See* Foreclosure Action Docket Entries 27, 29. Additionally, the Graveses asked the court to reconsider its ruling, and the court denied that motion, *id.* Entries 37, 39, and they appealed the order and then dismissed their appeal, *id.* Entries 40, 45. And, the state court now has entered an order of final ratification of sale. Thus, the denial of the Graveses' motion to dismiss and the ratification of sale each constitutes a final judgment for collateral estoppel purposes. *See Jones*, 2011 WL 382371, at *4; *Morgan*, 510 A.2d at 268, 270.

With regard to the third element, whether the issue is identical, I have noted that, in the Foreclosure Action, the Graveses argued that OneWest "failed to establish ultimate facts to prove that [it was] entitled to bring forth an in rem foreclosure proceedings regarding the case at bar," because "[t]here is no evidence that OneWest Bank FSB is the holder in due course of Defendant's note." Graves Mot. to Stay & Dismiss ¶¶ 16, 45. Here, the Graveses' four causes of action—defamation, constructive fraud, fraud, and unjust enrichment—are distinct from the claims raised in the Foreclosure Action. Nonetheless, the crux of each claim is that Defendant does not have the right to foreclose on the Property. Specifically, Plaintiff alleges that "[a]s a result of the material defect in the transfer and endorsement of the note, the OneWest had no standing or authority to initiate foreclosure and pursue Plaintiffs on any claim arising from the note." Edited First Am. Compl. ¶ 5; *see also id.* ¶¶ 210, 215 (alleging that OneWest is liable for defamation because "OneWest knowingly, or acting with deliberate indifference and/or with reckless disregard for the truth, filed, recorded, advertised, mailed or caused to be filed, recorded,

advertised or mailed, false and fraudulent information pertaining to OneWest having holder in due course status of Plaintiffs[','] note with attachment to Plaintiffs[','] real property" and "OneWest advertised Plaintiff[s'] property for sale in the newspaper as if they were the secured party knowing they were not"); *id.* ¶ 223 (alleging that OneWest is liable for constructive fraud because it "posed as owner, holder and holder in due course of Plaintiff[s'] Note by using fraudulent documents to evidence its claim"); *id.* ¶¶ 230, 232 (alleging that OneWest is liable for fraud because "OneWest made a false statement by claiming to be the secured party"; insisting that "OneWest['s] false statement that they were and are Plaintiff's secured party is the core of Plaintiff's damages because Plaintiff believed Defendant"); *id.* ¶ 246 (alleging that OneWest is liable for unjust enrichment because it "posed as holder in due course of Plaintiffs[','] Note by using fraudulent documents to evidence its claim and enrich themselves"). Indeed, even though Plaintiffs also includes a "DeAlva Discrimination Claim" before Count I, that age discrimination claim likewise is based on allegations that OneWest "misled her to believe that OneWest was a real party of interest" and "perpetuate[d] a scheme to steal Plaintiff['s] real property." *Id.* ¶¶ 204–05. Thus, "the issue decided in the prior litigation [is] identical with the issue presented in the subsequent litigation," i.e., whether OneWest had the right to foreclose on the Property. *See GAB*, 108 A.3d at 530. The fourth element, whether "the issue actually litigated [was] essential to the judgment in the prior action," also is present: The state court could not have denied the Graveses' motion to dismiss or ratified the sale if it had not concluded that OneWest had standing to foreclose on the Property. *See GAB*, 108 A.3d at 530

In sum, all of the elements of collateral estoppel are present, and it is clear that Plaintiffs already litigated whether OneWest has standing to foreclose on their Property in the Foreclosure Action. Given that, in the Foreclosure Action, the state court concluded that OneWest had

11

standing, collateral estoppel bars the case currently before this Court.  Defendant's Motion to Dismiss IS GRANTED.

"'The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court.'"  *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (quoting *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)).  Generally, the plaintiff should be afforded the opportunity to amend, *see id.*, or dismissal should be without prejudice.  *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. A'ppx 899, 900, 2013 WL 1943798, at *1 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."); *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013) (same).  However, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim."  *Weigel*, 950 F. Supp. 2d at 825–26.  The Fourth Circuit has explained:

> While a potentially meritorious claim, particularly by a *pro se* litigant, should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless. Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation.

*McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009) (internal citation omitted).

Here, Plaintiffs already filed a First Amended Complaint as a matter of right in response to Defendant's First Motion to Dismiss, ECF No. 18, *see* Am. Compl., ECF No. 21, as well as an Edited Amended Complaint, ECF No. 25.  Moreover, the "deficiencies are truly incurable," as no amendment could give Mr. Graves standing or undo the preclusive effects of the Foreclosure Action and the conclusion that OneWest had standing to bring that action.  *See McLean*, 566

F.3d at 400–01. Therefore, dismissal is with prejudice. *See id.*; *Weigel*, 950 F. Supp. 2d at 825–26.

## **ORDER**

Defendant has shown the applicability of the affirmative defense of collateral estoppel to Plaintiffs' Complaint. Accordingly, it is, this 20th day of May, 2015, hereby ORDERED that

1. Defendant's Motion to Dismiss, ECF No. 28, IS GRANTED,
2. Plaintiff Rodney Graves's claims ARE DISMISSED WITH PREJUDICE;
3. Plaintiffs' Edited First Amended Complaint IS DISMISSED WITH PREJUDICE;
4. The Clerk SHALL MAIL a copy of this Memorandum Opinion and Order to Plaintiffs; and
5. The Clerk SHALL CLOSE this case.

/S/
Paul W. Grimm
United States District Judge

lyb