# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **DEALVA GRAVES,** *et al.*, | * |
| Plaintiffs, | * |
| v. | *  Case No.: PWG-14-1995 |
| **ONEWEST BANK, FSB,** | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM & ORDER

DeAlva Graves and her son, Rodney Graves, who are proceeding *pro se*, filed suit against Defendant OneWest Bank, FSB ("OneWest"), claiming defamation, constructive fraud, fraud, and unjust enrichment after OneWest sought payments on a mortgage loan on Plaintiffs' real property and, after Plaintiffs allegedly defaulted on that loan, initiated foreclosure proceedings on Plaintiffs' property. According to Plaintiffs, OneWest has no rights or interest in the loan or in the note that memorializes it. Edited First Am. Compl., ECF No. 25. I dismissed both Plaintiffs' claims with prejudice: Rodney Graves's claims for lack of standing, and DeAlva Graves's claims under collateral estoppel, because the state court already determined that OneWest had standing to initiate foreclosure proceedings. ECF No. 35. Plaintiffs now move for reconsideration of the dismissal order, arguing that the Court erred in concluding both that Mr. Graves lacked standing and that collateral estoppel barred Ms. Graves's claims. ECF No. 37.[1]

---

[1] Plaintiffs' motion, styled as an Amended Notice of Affidavit and Motion to Exercise Revisory Power, supplants their original Notice of Affidavit and Motion to Exercise Revisory Power, ECF No. 36, which will be denied as moot in light of their amended filing. OneWest filed an opposition to Plaintiffs' motion. ECF No. 38. Plaintiffs have not filed a reply, and the time for doing so has passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6.

Because I find that Plaintiffs have failed to state a basis for reconsidering my earlier ruling, I deny their motion.

I. STANDARD OF REVIEW

The pending motion, filed within twenty-eight days of the dismissal order,[2] is a Rule 59(e) motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of So. Pines*, 532 F.3d 269, 277–80 (4th Cir. 2008); *Knott v. Wedgwood*, No. DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014) (stating that a motion to alter or amend judgment that "call[s] into question the correctness of that order" and is filed within twenty-eight days of the judgment is analyzed under Rule 59(e)). "A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citation omitted); *Melendez v. Sebelius*, --- F. App'x ----, 2015 WL 2343797, at *2 (4th Cir. 2015) (same). Rule 59(e) provides a district court with discretion to grant a motion to amend a judgment "only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

II. DISCUSSION

Plaintiffs do not argue that the law has changed or that new evidence is available. Instead, they identify perceived errors of law. They contend that the Court erred in concluding

---

[2] Although Plaintiffs' amended motion was filed on June 18, 2015, twenty-nine days after the May 20, 2015 Memorandum Opinion, it did not change the substance of Plaintiff's original motion, filed on June 15, 2015, only twenty-six days after the Memorandum Opinion. It simply added one exhibit. *See* ECF No. 37-1. Therefore, it is treated as a Rule 59(e) motion, not a Rule 60(b) motion. *See Knott v. Wedgwood*, No. DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014). In any event, the outcome would be the same under either rule, as Plaintiffs seek relief for alleged errors of law, which is available under both rules. *Compare* Fed. R. Civ. P. 59(e), *with* Fed. R. Civ. P. 60(b).

2

that "Rodney Graves lacks standing," noting that Judge Robert A. Greenberg in the Circuit Court for Montgomery County overruled an objection to Mr. Graves "speak[ing] on behalf of [his] mother" at a July 15, 2003 hearing. Pls.' Am. Mot. 4, 6–7; Hr. Tr. 5:1–2, *id.* Ex. 1, ECF No. 37-1. Essentially, in their view, this Court was collaterally estopped from concluding that Mr. Graves lacked standing because he was allowed to speak in a state court hearing. But, Mr. Graves presented two grounds on which he believed he could speak at that hearing, stating that his "power of attorney . . . gives [him] the right to speak on behalf of [his] mother" and that he has "legal title to the property," either of which could have provided a sufficient basis for him to be entitled to speak about the Property. *See* Hr'g Tr. 5:1–4. The state court ruled that it would "overrule [opposing counsel's] objection," without stating the basis for its ruling. *Id*. at 6:1–3. Consequently, the issue of Mr. Graves's standing was not actually resolved by the state court, thus there was no prior determination that is binding on this Court. *See GAB Enters., Inc. v. Rocky Gorge Devel., LLC*, 108 A.3d 521, 530 (Md. Ct. Spec. App. 2015) (stating elements of collateral estoppel, which include that "the issue *actually litigated* [was] essential to the *judgment* in the prior action" (emphasis added)).

Plaintiffs also argue that "the Court erred in its application and use of the legal term 'facial challenge,'" Pls.' Am. Mot. 2, insofar as the Memorandum Opinion stated that OneWest's challenge to Rodney Graves's standing was "a facial challenge" because OneWest did not dispute the factual allegations but rather whether they sufficed to give Mr. Graves standing, Mem. Op. 6. It is true that "facial challenge," in the context of constitutional law, refers to "[a] claim that a statute is unconstitutional on its face – that is, that it always operates unconstitutionally." *Black's Law Dictionary* 181 (Bryan A. Garner ed., abridged 7th ed., West 2000). But, in the context to challenges to a party's standing, a "facial challenge" is one that

"assert[s] that the allegations in the complaint are insufficient to establish subject matter jurisdiction." *See Sherill v. Mayor of Balt.*, 31 F. Supp. 3d 750, 762–63 (D. Md. 2014). Thus, OneWest's challenge was, indeed, a facial challenge, as it argued that Mr. Graves lacked standing, even assuming the truth of Plaintiffs' factual allegations. *See id.*; Mem. Op. 6. This is not a "clear error of law." *See Mayfield*, 674 F.3d at 378.

Additionally, Plaintiffs assert that the Court "erred" in stating that "Plaintiffs do not argue that the Power of Attorney gives Mr. Graves standing," without identifying where in their opposition to OneWest's motion to dismiss or memorandum in support of their opposition, ECF Nos. 30, 30-1, they raised this argument. *See* Pls.' Am. Mot. 6. Preliminarily, this would not be an error of law. *See Mayfield*, 674 F.3d at 378. Moreover, the statement would not lead to "manifest injustice," *see id.*, because the statement accurately reflects Plaintiffs' argument. In their opposition memorandum, Plaintiffs argued that "Rodney Graves is a proper plaintiff in this lawsuit" based on the fact that he had "a legal title in 1005 Heather Ave[.] Takoma Park M[D] 20912 (the property)" and "an equitable interest in the property," and also because "DeAlva and Rodney have a binding contract for granting Rodney[] legal title to the property." Pls.' Opp'n Mem. 13. Nowhere in their opposition or opposition memorandum did they attribute his alleged standing to the Power of Attorney. *See id.* at 13–14.

Even if Mr. Graves had standing, Plaintiffs have not shown a basis for reconsideration of the conclusion that collateral estoppel bars the claims raised in the Edited First Amended Complaint. According to Plaintiffs, the Court erred in dismissing the claims under collateral estoppel because Montgomery County "Case No. 348123-V[] did not address Defendant['s] standing to foreclosure," such that the issue was not "essential to the judgment in the prior action,' nor was 'the issue decided in prior litigation 'identical' with the issue presented in

4

subsequent litigation and finally, there was NOT 'a final judgment on the merits in the prior litigation.'" Pls.' Am. Mot. 3. Yet, as discussed at length in the Memorandum Opinion, the state court case did address OneWest's right to foreclose on the Property specifically—indeed, it held a hearing on the issue, ruled on it, and denied the Graves's motion for reconsideration of that ruling, and the state court dismissed the Graves's appeal of that denial. *See* Mem. Op. 9–11. And, as also discussed, the issue was both identical to the issue before this Court and essential to the state court judgment. *See id*. Consequently, there was no "clear error of law" in this regard. *See Mayfield*, 674 F.3d at 378.

Additionally, Plaintiffs contend that "the Court was biased to take judicial notice of the existence of court records which favored Defendant" and not "ALL court records relevant to both sides." Pls.' Am. Mot. 3. They insist that "[d]uring the[ir] bankruptcy adversary proceeding [No. 13-779 (Bankr. D. Md. 2013)], Plaintiffs discovered Defendant committed fraud *ab initio*." *Id*. According to Plaintiffs, they "provided documented Court findings [within the amended complaint], which ruled against Defendant using the same illegal and unlawful practices as in this matter." *Id*. at 4. Yet, as noted in the Memorandum Opinion, the United States Bankruptcy Court for the District of Maryland dismissed the 2013 adversary proceeding, rather than issuing a ruling favorable to the Graveses. Mem. Op. 3. Thus, there was no ruling in Plaintiffs' favor in that case of which this Court failed to take notice. *See id.*

In sum, Plaintiffs' motion fails to show that the law changed, that new evidence is available, that the dismissal order included any "clear error of law" that needed to be corrected, or that "manifest injustice" would result if the order were not amended. *See Mayfield*, 674 F.3d at 378. Thus, it does not meet the narrow criteria for granting a Rule 59(e) motion. *See id.*; *Hill*, 277 F.3d at 708; *see also Pinney v. Nokia, Inc.*, 402 F.3d 430, 452–53 (4th Cir. 2005) (stating in

5

dicta that these "rules of constraint . . . make sense when a district court is asked to reconsider its own order" because "'[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience'") (quoting *Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001)).  Because they have failed to demonstrate grounds for altering or amending the dismissal order, their motion is denied.

## **ORDER**

Accordingly, it is, this 2nd day of November, 2015, by the United States District Court for the District of Maryland, hereby ORDERED that

1. Plaintiffs' Amended Motion for Reconsideration, ECF No. 37, IS DENIED;

2. Plaintiffs' Motion for Reconsideration, ECF No. 36, IS DENIED AS MOOT; and

3. The Clerk SHALL PROVIDE a copy of this Order to Plaintiffs.

/S/
Paul W. Grimm
United States District Judge

lyb